UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| HENNIE D'ALESSIO,<br>628 Walnut Street<br>Red Hill, PA 18076,<br><br>   Plaintiff,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Serve:<br>  Michael R. Sherwin<br>  United States Attorney for<br>  the District of Columbia<br>  555 4th Street, N.W.<br>  Washington, DC 20001,<br><br>   and<br><br>  Hon. William Barr<br>  Attorney General of the<br>  United States<br>  Department of Justice<br>  950 Pennsylvania Ave., N.W.<br>  Washington, DC 20530,<br><br>   Defendant. | CA No. 1:20-cv-2865 |

## COMPLAINT

Plaintiff Hennie D'Alessio, by and through her undersigned attorneys, Thomas W. Mitchell, and Mitchell Firm, PLLC, and for her complaint against the defendant United States of America, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 2675(a).

2. Plaintiff Hennie D'Alessio resides in Red Hill, Pennsylvania.

3. Defendant Smithsonian Institution is a trust instrumentality of the United States established by an Act of Congress, an independent establishment of the United States, and is subject to liability under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. Defendant Smithsonian Institution is hereafter referred to as the United States of America.

4. The events giving rise to this action occurred on May 5, 2018, in the District of Columbia.

5. This Court is a proper venue pursuant to 28 U.S.C. § 1402(b).

6. On April 3, 2020, within two years of when this action accrued, Plaintiffs filed an Administrative Claim for Injury (Form SF-95) with the Smithsonian Institution, specifically alleging the facts herein.

7. The Smithsonian Institution has not responded to Plaintiff's claims as of October 7, 2020.

8. Plaintiffs has timely filed this suit pursuant to 28 U.S.C. § 2401(b).

## COUNT I
(Negligence)

9. Defendant United States of America is responsible for the construction, operation, inspection, maintenance, repair, and control of the Smithsonian's National Zoological Park in Washington, D.C. (the "National Zoo").

10. At all times of which the Plaintiff complains, Defendant also controlled and/or was responsible for the construction, operation, inspection, maintenance, repair, and control of the Great Ape House that is part of the National Zoo.

10.     On May 5, 2018, at approximately 11:00 a.m., Plaintiff visited the National Zoo, and walked into the Great Ape House.

11.     There was a glass-enclosed gorilla enclosure immediately to her left as Plaintiff walked inside. There were stairs leading from the walk-in level down to an observation area at the bottom level of the Great Ape House.

12.     The stairs did not have a guard rail or handrail of any kind for Plaintiff to use as she descended the stairs. There was also no warning about the dangerous condition of the stairs as described below.

13.     Plaintiff proceeded down the stairs in order to get closer to the gorilla enclosure. As she stepped down, she realized that the first stair had an abnormally tall riser, as compared to a normal stair. Despite this unreasonably dangerous condition, Plaintiff successfully descended the first stair.

14.     Plaintiff then proceeded down the second stair, which also had an abnormally tall and unreasonably dangerous riser. She was using reasonable care as she descended this second stair, but once again, there was no handrail for her to hold onto as she stepped down.

15.     As Plaintiff stepped down the second stair, she lost her balance. Because there was no handrail for her to grab in order to steady herself, Plaintiff fell violently backwards to the ground.

16.     If there had been a handrail on the stairs, Plaintiff would have used it while descending, and she would not have lost her balance and fallen.

17.     As Plaintiff fell, her buttocks, lower back, and other body parts hit the tile floor with violence and great force. The back of Plaintiff's head then violently struck the glass wall of the gorilla enclosure, and the hard ground.

18. Plaintiff suffered severe injuries in the fall, including contusions and lacerations to her head, severe and profuse bleeding, lower back trauma, and a fractured right pubic remus causing pelvic and lower back pain.

19. Prior to the fall, Plaintiff at all times kept a proper lookout, and paid full time and attention to where and how she was walking and stepping. Plaintiff was wearing flat, rubber-soled shoes at the time of the fall.

20. The stairs in the Great Ape House were unreasonably dangerous because they had abnormally high risers, lacked any signs to inform and warn persons like Plaintiff about the unreasonably dangerous condition, and lacked any handrails or guardrails.

21. The unreasonably dangerous condition of the stairs in the Great Ape House caused Plaintiff to lose her balance and to fall violently to the ground.

22. Upon hitting the ground, Plaintiff felt immediate and intense pain and discomfort from her injures.

23. Plaintiff incurred substantial medical and other expenses because of her injuries.

24. Plaintiff continues to experience pain, discomfort, and other injuries, and has continued to undergo treatment for her injuries. Some of her injuries, such as a painful scar, are likely permanent.

25. Defendant created and thus had actual and constructive notice of the unreasonably dangerous condition of the stairs in the Great Ape House prior May 5, 2018.

26. The condition of the stairs in the Great Ape House existed for many months and years before Plaintiff's fall to the ground.

27. After May 5, 2018, the Defendant rebuilt the stairs in the Great Ape in order to install guard rails and handrails on and around the stairs because the condition of the stairs fell

4

below the written standards that the Defendant had or should have had for the Great Ape House, and violated the applicable building codes, at the time of Plaintiff's fall.

28. Prior to May 5, 2018, Defendant owed a duty to Plaintiff to use reasonable care not to permit, to remove, and/or warn users of, the unreasonably dangerous conditions of stairs in the Great Ape House, including installing hand rails, guard rails, and warnings, the absence of which caused Plaintiff's injuries.

29. The Defendant was negligent because it failed to use reasonable and ordinary care in its construction, maintenance, repair and inspection of the stairs in the Great Ape House so as to prevent an unreasonable risk of harm. Defendant knew or should have known as of May 5, 2018, that the stairs in the Great Ape House were unreasonably dangerous and violated the applicable building codes. Defendants also knew or should have known that the condition of the stairs in the Great Ape House created an unreasonably hazardous condition.

30. Plaintiff was not contributorily negligent.

31. As a direct and proximate result of the negligence of the Defendant, Plaintiff has suffered and continues to suffer severe injury, pain, anguish, embarrassment, humiliation, anxiety, discomfort, embarrassment, loss of enjoyment of life and general physical and emotional pain and suffering.

WHEREFORE, Plaintiff Hennie D'Alessio prays for judgment against the Defendant in the amount of $500,000.00, or other amount to be proven at trial, and prays for other just and proper relief.

October 7, 2020

Respectively submitted,

MITCHELL FIRM, PLLC

By: _____
Thomas W. Mitchell, Esq. (DC Bar No. 425180)
7625 Wisconsin Avenue, Third Floor
Bethesda, Maryland 20814
240-482-3597 (tel)
240-482-3599 (fax)
tmitchell@themitchellfirmpc.com

Attorneys for Plaintiff Hennie D'Alessio